## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| MIA MASON PORTER, | : | CASE NO. 19-67110-jwc |
| MICHAEL B PORTER, | : | |
| | : | |
| DEBTORS. | : | |
| | : | |
| NANCY J. GARGULA, | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| MOVANT. | : | |
| | : | |
| -vs- | : | CONTESTED MATTER |
| | : | |
| MIA MASON PORTER, | : | |
| MICHAEL B PORTER, | : | |
| | : | |
| RESPONDENTS. | : | |

### MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)(2)

COMES NOW NANCY J. GARGULA, United States Trustee for Region 21, and

moves the Court to dismiss this case pursuant to 11 U.S.C. § 707(b)(2).   The United States

Trustee bases her motion on the record in this case and the attached memorandum.

NANCY J. GARGULA
UNITED STATES TRUSTEE
*s/ Thomas W. Dworschak*
THOMAS W. DWORSCHAK
Georgia Bar No. 236380
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW.
Atlanta, Georgia   30303
(404) 331-4437
thomas.w.dworschak@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| MIA MASON PORTER, | : | CASE NO. 19-67110-jwc |
| MICHAEL B PORTER, | : | |
| | : | |
| DEBTORS. | : | |
| | : | |
| NANCY J. GARGULA, | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| MOVANT. | : | |
| | : | |
| -vs- | : | CONTESTED MATTER |
| | : | |
| MIA MASON PORTER, | : | |
| MICHAEL B PORTER, | : | |
| | : | |
| RESPONDENTS. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)**

Nancy J. Gargula, United States Trustee for Region 21, through the undersigned

counsel, hereby submits her Memorandum of Points and Authorities in support of her

Motion to Dismiss Pursuant to 11 U.S.C. § 707(b) based upon the presumption of abuse.[1]

---

[1]Unless otherwise indicated, all statutory section references are to the Bankruptcy Code,
11 U.S.C. §§ 101-1330.

## I.      STATEMENT OF APPLICABLE STATUTES AND RULES

Section 707(b)(1) provides that, after notice and a hearing, the Court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of chapter 7.

### A.      Dismissal for Presumed Abuse

Section 707(b)(2)(A)(i) requires the Court to presume that the Debtor's chapter 7 filing is abusive if the current monthly income reduced by amounts determined under clauses (ii), (iii), and (iv) of § 707(b)(2)(A), and multiplied by 60, is not less than the lesser of:

(I)      25 percent of the debtor's nonpriority unsecured claims in the case, or $8,175, whichever is greater; or

(II)      $13,650.

Stated differently, if after deducting all allowable expenses from the Debtor's current monthly income, the Debtor has less than $136.25 per month in monthly net income (*i.e.*, less than $8,175 to fund a 60-month plan), the filing is not presumed abusive.   If the Debtor has monthly income of $227.50 or more (i.e., at least $13,650 to fund a 60-month plan), the filing is presumed abusive.   Finally, if the Debtor's monthly income is more than $136.25 but less than $227.50, the case will be presumed abusive if that sum, when multiplied by 60 months, will pay 25% or more of the Debtor's non-priority unsecured debts.

3

If a presumption of abuse arises, the Debtor may rebut it only by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. 11 U.S.C. § 707(c)(2)(B)(I). The Debtor must provide a detailed explanation of the special circumstances, itemize and document each additional expense or adjustment of income, and attest under oath to the accuracy of the information provided.   11 U.S.C. § 707(b)(2)(B)(ii) and (iii).

In the event the Debtor establishes special circumstances of the kind described in 11 U.S.C. § 707(b)(2)(B)(I), the Debtor will rebut the presumption of abuse only if he can demonstrate that the additional expenses or adjustments to income cause the product of the Debtor's reduced monthly income, when multiplied by 60, to be the lesser of (1) 25% of the Debtor's nonpriority unsecured debts or $7,700, whichever is greater, or (2) $12,850. 11 U.S.C. § 707(b)(2)(B)(iv).

### B.    Timeliness of Motion

Bankruptcy Code section 704(b)(1)(a) requires the United States Trustee to review all materials filed by the Debtors and, not later than ten days after the date of the first meeting of creditors, file with the Court a statement as to whether the case is presumed to be an abuse under section 707(b).

The chapter seven trustee concluded the section 341(a) meeting of creditors on December 2, 2019. On December 12, 2019, the United States Trustee timely filed a statement indicating that she was currently unable to determine if the Debtors' case is presumed to be an abuse under Section 707(b) (the "Ten Day Statement") (Docket Entry No. 19). On January 10, 2020, the United States Trustee timely filed a statement indicating that the Debtors' case is presumed to be an abuse under Section 707(b) (the "Thirty Day Statement") (Docket Entry No. 22). The deadline to file a motion to dismiss to January 31, 2020; therefore, this motion is timely. 11 U.S.C. § 704(b)(2).

## II.    SYNOPSIS OF CASE

The Debtors commenced this case by filing a petition for relief under chapter 7 of the United States Bankruptcy Code on October 28, 2019 (Docket Entry No. 1). On this same date, the Debtors filed their Means Test/Disposable Income Calculation, hereinafter referred to as "Debtor's Official Form 122A-2" (Docket Entry No. 1, pp. 54-62).

On their Official Form 122A-2, the Debtors stated at line 39c that they had negative monthly disposable income, and checked the box indicating that the presumption of abuse does not arise. Pursuant to 11 U.S.C. § 704(b)(1)(A), the United States Trustee reviewed the Debtors' schedules, statement of financial affairs, statement of intention, payment advices, and means test form in order to determine whether granting the Debtors relief

under chapter 7 would be presumptively abusive pursuant to 11 U.S.C. § 707(b).   Based

on the materials the Debtors filed and submitted, the United States Trustee believes -- and

the Debtor agrees -- that the presumption of abuse arises.

## III.    STATEMENT OF PERTINENT FACTS

One of the prerequisites to dismissal of a case under 11 U.S.C. § 707(b) is that the

Debtors' debts be primarily consumer debts.   On their petition, the Debtors checked the

box indicating that their debts are "Consumer/Non-Business" debts (Docket Entry 1, p. 6,

l.16).

## IV.    ANALYSIS OF DEBTORS' MEANS TEST FORM

Congress   enacted   the   Bankruptcy   Abuse   and   Consumer   Protection   Act

("BAPCPA") to address certain abuses of the bankruptcy system, including ʌeasy access

to chapter 7 liquidation proceedings by consumer debtor who, if required to file under

chapter 13, could afford to pay some dividend to their unsecured creditors.   *In re

Hardacre*, 338 B.R. 718, 720 (Bankr. N.D.Tex. 2006). Section 707(b)(2) provides a

mathematical formula for the Court to objectively assess the Debtor's ability to repay her

debts from disposable income over a 60-month period following the date of the filing of

the petition.   Under the means test, the Court calculates the Debtor's current monthly

6

income, reduces that figure by certain living expenses, and multiplies the difference by 60. If that figure is greater than $13,650, the Court must presume that the Debtor's case is abusive.

The United States Trustee recomputed the Debtors' disposable income and determined that the Debtors have $1443 in monthly disposable income, which multiplied by 60 equals $86,580.12, thus triggering the presumption of abuse. *See* Exhibit A. In the absence of any documentation to support special circumstances sufficient to rebut the presumption of abuse, pursuant to 11 U.S.C. § 707(b)(2)(B)(ii)(I), the Court should dismiss the case unless Debtors voluntarily convert to chapter 13.

Debtors do not oppose dismissal of their case without prejudice.

## V.    CONCLUSION

Section 707(b)(1) provides that, after notice and a hearing, the Court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of chapter 7. As the Sixth Circuit noted, "[t]here is no constitutional right to a bankruptcy discharge, and the "fresh start" provided for by the Code is a creature of congressional policy...(citations omitted)...Congress, within the limits set by the Constitution, is free to deny access to bankruptcy as its sees fit." *In re Krohn*, 886 F.2d. 123, 127 (6th Cir.1989). When Congress

amended Bankruptcy Code section 707(b) it sent a clear message to all bankruptcy participants: relief under chapter 7 is intended for honest and needy Debtors only.   The Court should dismiss this case under Bankruptcy Code 11 U.S.C. § 707(b)(1) because there is a presumption of abuse under 11 U.S.C. § 707(b)(2), and because the Debtors do not oppose dismissal.

Respectfully submitted, this 10th day of January, 2020.

NANCY J. GARGULA
UNITED STATES TRUSTEE

*s/ Thomas W. Dworschak*
THOMAS W. DWORSCHAK
Georgia Bar No. 236380
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW.
Atlanta, Georgia   30303
(404) 331-4437
thomas.w.dworschak@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that on January 10, 2020, electronically filed the foregoing *United States Trustee's Motion To Dismiss Pursuant To 11 U.S.C. § 707(b) And Memorandum Of Points And Authorities In Support Of Motion To Dismiss Pursuant To 11 U.S.C. § 707(b)* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this

8

document and an accompanying link to this document to the following parties who have

appeared in this case under the Bankruptcy Court's Electronic Case filing program.

Kenya Benning Green          constance@thegreenlawfirmllc.com

I further certify that on January 10, 2020, I caused a copy of this document to be

served via United States First Class Mail, with adequate postage prepaid on the following

parties at the address shown for each.

Mia Mason Porter                              Martha A. Miller
540 Heritage Oaks                             Martha A. Miller, P. C.
Dacula, GA 30019                              P. O. Box 5630
                                              Atlanta, GA 31107
Michael B Porter
540 Heritage Oaks
Dacula, GA 30019

*/s/ Thomas W. Dworschak*